IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SCOTT MATHEW SPIVEY, #341-725 : | |
|     Petitioner | |
| : | |
| v. | Civil Action No. AMD-08-528 |
| : | |
| D. KENNETH HORNING, Warden | |
|        and : | |
| THE ATTORNEY GENERAL OF | |
| THE STATE OF MARYLAND : | |
|     Respondents | |

…o0o…

MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed pro se by Scott Mathew Spivey, an inmate at the Maryland Correctional Training Center in Hagerstown, MD. He purports to challenge the revocation of his probation. Counsel for respondents has filed a response, moving to dismiss the petition for failure to exhaust state remedies or for failure to provide a basis for federal relief. For the reasons set forth within, the petition will be DISMISSED without prejudice for failure to exhaust state court remedies.

BACKGROUND

On July 25, 2006, the Circuit Court for Baltimore County convicted Spivey of felony theft. The court sentenced him to 15 years incarceration with all but 18 months suspended, followed by three years supervised probation with standard conditions. Work release was recommended. Spivey did not appeal.

On November 22, 2006, the state filed a motion for appropriate relief after Spivey tested positive through urinalysis for opiates and had been dismissed from the work release program. The state posited that Spivey's conduct constituted "a violation of probation" and requested imposition of the unserved portion of his sentence. On February 22, 2007, the court conducted a hearing on the

motion and found Spivey in violation of probation. The court sentenced Spivey to six years of incarceration.

On March 1, 2007, Spivey moved for a new trial, claiming that : 1) the revocation was defective because it was not initiated properly or verified; 2) he was not informed of the conditions of probation that he was charged with violating; 3) he was not personally served with a "petition, order, summons, or warrant"; 4) revocation of probation was an improper sanction for his work release violation; and 5) revocation of probation was improper because Spivey's positive test for opiates occurred before the start of his probation and was insufficient evidence of substance abuse. On April 5, 2007, the court denied the motion for a new trial without holding a hearing.

Spivey filed an application for leave to appeal the denial of his motion for a new trial, raising the same state law grounds he had raised in his motion for a new trial. Exhibits 5 and 6. On October 23, 2007, the Court of Special Appeals of Maryland summarily denied leave to appeal. Spivey has not initiated state post-conviction proceedings in regard to either his original conviction or the revocation of his probation.

## PETITIONER'S CLAIMS

Spivey raises the following claims: 1) he was found in violation of the terms of his probation before he started serving his probation; 2) revocation of his probation was improper because he had already been disciplined by the Baltimore County Detention Center; 3) he was not served personally with a "petition, order, summon, or warrant"; and 4) he never received the conditions of probation he was charged with violating. Petition, pp. 5-6.

## ANALYSIS

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petitioner for federal habeas corpus relief must

first exhaust each claim by pursuing remedies available in state court. Exhaustion is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b)-(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848, (1999); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking certiorari to the Court of Appeals) and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Spivey does not allege, and the record does not suggest, that he has yet to avail himself of available state remedies.

## CONCLUSION

Spivey must exhaust his claims in the state courts before they can be considered in this court. Accordingly, the court will dismiss the petition without prejudice for lack of exhaustion. An Order follows.

Date: September 8, 2009     _/s/_____
                             Andre M. Davis
                             United States District Judge